IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00207-RLV
(5:13-cr-00084-RLV-DSC-1)

| | |
|---|---|
| KERSTON DESHAWN EDWARDS, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

## I. BACKGROUND

On April 10, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). Petitioner was sentenced to a term of 188-months' imprisonment on October 27, 2014, and he did not appeal. In this collateral proceeding, Petitioner contends he should be entitled to a reduction in his sentence based on an amendment to the Sentencing Guidelines which addressed the disparity between sentences based on the possession of cocaine base and powder cocaine. (5:16-cv-00207, Doc. No. 1: Motion to Vacate at 4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

1

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's § 2255 motion to vacate should be dismissed for three reasons. First, Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence in his plea agreement with the Government, and courts will enforce such waivers so long as the defendant's decision was knowing and voluntary. See, e.g., United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 20005); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). As this Court observed during sentencing, Petitioner's guilty plea was indeed knowing and voluntary.

Second, Petitioner was sentenced pursuant to the 2013 version of the Guidelines Manual which provided for a base offense level of 26 if the defendant was found responsible for at least 28 grams but less than 112 grams of cocaine base. The 2014 version of the Guidelines Manual increased the threshold amount of cocaine base to qualify for a base offense level of 26 to at least 112 grams but less 196 grams of cocaine base; however that only became effective for defendants that were sentenced on or after November 1, 2014. Defendant was sentenced before that date and so is unable to avail himself of the subsequent change in the Guidelines Manual.

Finally, an argument that a Guidelines calculation is erroneous is generally not cognizable on collateral review notwithstanding the validity of Petitioner's waiver. "The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice" are cognizable.'" United States v. Foote,

784 F.3d 931, 932 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Petitioner was sentenced to a term well below the statutory maximum term of 40-years in prison so he cannot demonstrate that his sentence represents a miscarriage of justice.

Based on the foregoing, the Court finds that Petitioner's § 2255 motion should be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 28, 2016

Richard L. Voorhees
United States District Judge